Ramon Henderson, OSB No. 183579
Email: rh@hs-legal.com
Hannah Street, OSB No. 234784
Email: hms@hs-legal.com
HODGKINSON STREET MEPHAM, LLC
1620 SW Taylor, Suite 350
Portland, Oregon 97205
Telephone: (503) 222-1143
Fax: (503) 222-1296

The Honorable Jeffrey Armistead

Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KY LE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TIGARD, an Oregon municipal corporation; SAMBO KIRKMAN, acting under color of state law, in her individual capacity as Community Development Director of the City of Tigard; DANELLE HAUTHER, acting under color of state law, in her individual capacity as Economic Development Director of the City of Tigard.,<br><br>Defendants. | Case No.: 3:25-CV-01521-AR<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS AND ASSOCIATED RULE 12(d) DETERMINATION<br><br>*Oral Argument Requested* |

## I.    INTRODUCTION

Defendants City of Tigard (hereinafter "City"), Sambo Kirkman, and Danelle Hauther (collectively "Defendants"), request that this Court deny Plaintiff's Motion to Stay Proceedings for three main reasons. First, he is unlikely to succeed on a motion to amend his Second Amended Complaint. Second, he will not be irreparably injured absent a stay of proceedings. Third, a stay of proceedings would prejudice Defendants by affecting the public's interest in the swift resolution of this lawsuit.

## II.    STATEMENT OF FACTS

### A.    Procedural History

Plaintiff submitted his initial Complaint on August 26, 2025. [ECF 2.] The Court ordered Plaintiff to file an amended complaint "with enough detail for the court to determine whether it must abstain from intervening in Ky's LUBA appeal" on September 15, 2025. [ECF 4.] Plaintiff filed his First Amended Complaint on October 15, 2025 and Court-ordered supplemental filings on November 6, 2025. [ECF 5, 8.]

After the Court allowed Plaintiff's lawsuit to proceed [ECF 9], Defendants filed Rule 12 Motions to Dismiss against Plaintiff's Amended Complaint on February 6, 2026, pursuant to an Order extending the allotted time to do so [ECF 19, 25]. Plaintiff responded on February 25, 2026. [ECF 22.]

Plaintiff filed his Second Amended Complaint on April 10, 2026. [ECF 41.] Defendants filed Motions to Dismiss Plaintiff's Second Amended Complaint on April 24, 2026. [ECF 42.] Plaintiff responded on July 10, 2026 [ECF 48] and Defendants replied on July 24 [ECF 49].

Plaintiff filed the instant Motion to Stay Proceedings on August 5, 2026. [ECF 50.] Plaintiff requests a stay of proceedings (1) until the Court rules on Defendants' pending Motions to Dismiss pursuant to FRCP 12(b)(6), and (2) for 30 days after the Court rules on Defendants' Motions to Dismiss. [ECF 50, ¶ 2] (hereinafter "Pltf's. Mot. Stay").

The Motion is predicated on Plaintiff's desire not to file a Third Amended Complaint until the Court rules on Defendants' Motions to Dismiss. *Id.* ¶¶ 10-12. The Motion also seeks a 30-day stay of proceedings after the Court rules on Defendants' Motions to allow Plaintiff time to investigate potentially (1) adding City of Tigard Attorney Shelby Rihala as a defendant based on his purported discovery of new evidence; (2) adding food cart pod owners he believes may have also been impacted by Defendants' alleged conduct; (3) adding state law claims to his case; and (4) filing a Third Amended Complaint on those grounds. *Id.* ¶ 2.

Finally, while Plaintiff discloses his recent health issues, he makes no argument or request to abate or to stay this case for medical reasons. Instead, he argues that his health issues

Page 2 - DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

have impacted his ability to read and write, and that a recent potential stroke caused him to remember—contrary to his argument for filing an amended complaint—that he intended to file state law claims at the conclusion of these proceedings. *Id.* ¶ 2(d)-(e).

## B.    Factual Summary

This case involves alleged civil rights violations related to Plaintiff's failed food cart pod venture. Plaintiff's claims generally arise from his allegations that the City "secretly" changed its food cart development code to penalize food carts and that defendants Kirkman and Hauther retaliated against him for opposing the adoption and application of the City's Development Code. [ECF 41, pp. 9-10, 17-18] (hereinafter "Second Am. Compl.").

During the pendency of this litigation, Plaintiff has communicated with Defendants' counsel numerous times about various issues, including his health, whether to bring state law claims, and whether to add additional plaintiffs to this lawsuit.

On or about May 1, Plaintiff communicated to defense counsel that he had a stroke on April 30, 2026. Henderson Decl. ¶ 5. On or about May 5, 2026, the Court entered an Order Staying all Deadlines and scheduled a Status Conference for June 4, 2026. [ECF Dkt. No. 44.] This was rescheduled to June 23, 2026. [ECF Dkt. No. 45.] At the Status Conference, Plaintiff said he was able to continue with the case. Henderson Decl. ¶ 3, Ex. 1 at 3:17-23. Plaintiff thinks he may have had another stroke since then, but does not know when. *See id.* at ¶ 2(d), (e).

Before the April 30, 2026 stroke, defense counsel consistently responded to Plaintiff's exploration of adding state law claims by stating that he intended to object to any effort to add such claims. Henderson Decl. ¶ 6. On May 28, 2026, defense counsel suggested the parties defer their discussion about Plaintiff's state law claims until the Status Conference. Henderson Decl. ¶ 4, Ex. 2; *contra* Pltf's. Mot. Stay, ¶ 3 ("Plaintiff had emailed Defendants to discuss the inclusion of state law claims, but Defendants preferred to defer that discussion until after the hearing; Plaintiff was therefore surprised when [defense counsel] raised the issue at the hearing."). However, Plaintiff informed defense counsel—and this Court—that he did not intend to bring state law claims in this case during the June 23, 2026 Status Conference:

Your Honor, originally I had planned to file my
state claims separately because of my health
issue. I realize this has been way more stressful
than I originally thought, so I talked to Mr. --
Mr. Henderson about possibly filing it with --
with these claims, but I don't want to complicate
things. And honestly, I don't know how much --
it's finished. So, yes, I'm -- I -- I will just
file my response. Anything after that, I could
just file with the state or whatever, but that
can be afterwards.

Henderson Decl. ¶ 3, Ex. 1 at 7:10-18.

Plaintiff has also indicated that he is aware of other food cart owners he believes could be added as plaintiffs, to which defense counsel has objected. Henderson Decl. ¶ 7.

Plaintiff states that he has new evidence regarding City of Tigard attorney Ms. Rihala "at the January 28, 2025 hearing, her role in drafting to 'forgotten' Food Cart Handout, the false narrative that Plaintiff was unlicensed operator that was required a land use approval, and in the subsequent false testimony to LUBA panel during Oral Arguments, proceedings," which he states he discovered "while reviewing materials for my opposition to Defendants' Rule 12 motion." Pltf's. Mot. Stay, Ex. 1 at ¶ 3.

## III.    ARGUMENT

The Court should deny Plaintiff's Motion to Stay Proceedings.

### A.    Motion to Stay Proceedings Standard

The power to stay litigation is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Nicholson v. REI Energy, LLC*, 370 F Supp 3d 1199, 1206 (D Or 2019) (citing *Landis v. N. Am. Co.*, 299 US 248, 254, 57 S Ct 163, 81 L Ed 153 (1936))."A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result." *Immigrant Defs. L. Ctr. v. Noem*, 145 F4th 972, 983 (9th Cir 2025) (citing *Nken v. Holder*, 556 US 418, 427, 129 S Ct 1749, 173 L Ed 2d 550 (2009) (internal citations omitted).

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 983. Ninth Circuit Courts consider the following factors when determining whether a stay is appropriate:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Immigrant Defs. L. Ctr.*, 145 F4th at 983 (citing *Nken v. Holder*, 556 US at 433-34).

Once a movant satisfies the first two factors, the stay inquiry calls for assessing the harm to the opposing party and weighing the public interest, factors that merge when the Government is the adverse party. *Nken*, 556 US at 435.

**B.      Plaintiff's Motion to Stay Proceedings until the Court Rules on Defendants' Motions to Dismiss Should be Denied**

The Court should deny Plaintiff's Motion to Stay Proceedings pending a ruling on Defendants' Motion to Dismiss. Plaintiff argues that judicial efficiency and economy weigh in favor of staying proceedings, but the basis of his Motion otherwise appears to be that he does not wish to file a Third Amended Complaint in the interim.

As an initial matter, Defendants do not object to Plaintiff's argument that filing an amended complaint before a ruling on Defendants' Motions to Dismiss would be "procedurally disruptive." Pltf's. Mot. Stay, p. 7, Section C.  Defendants agree that "[t]he most prudent and efficient course is to resolve the pending dispositive motion first." *Id.*

However, Defendants object to a stay of proceedings because it would preclude Defendants from litigating the case during the pendency of their Motions to Dismiss. Defendants have a strong interest in litigating this case efficiently, and Plaintiff gives no reason as to why the case should be stayed other than his disinterest in filing an amended complaint before the Court rules. This does not constitute a strong showing of success on the merits or explain how he would be irreparably injured absent such a stay.

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

**C.      Plaintiff's Motion to Stay Proceedings for 30 Days After the Court Rules on Defendants' Motion to Dismiss Should be Denied**

Plaintiff's request that the Court stay proceedings after ruling on Defendants' Motion to Dismiss for 30 days to allow him time to determine whether he wants to file a Third Amended Complaint should also be denied.

**1.      Plaintiff is unlikely to succeed on a motion to amend.**

Plaintiff must seek leave from the court to file an amended complaint because he has already amended his complaint once as a matter of course. *See* FRCP 15(a)(1)-(2) ("A party may amend its pleading once as a matter of course . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

Plaintiff is unlikely to obtain leave to file a Third Amended Complaint based on the amendments he proposes. Ninth Circuit District Courts consider the following factors when determining whether to grant leave to amend: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, and futility, with prejudice being the most important factor. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F3d 1048, 1052 (9th Cir 2003) (citing *Foman v. Davis*, 371 US 178 (1962)). "Leave to amend may be denied when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleadings." *Rice v. Comtek Mfg. of Oregon, Inc.*, 766 F Supp 1550, 1551 (D Or 1990). Here, Plaintiff was aware of the facts upon which his proposed amendments are based and would not be irreparably harmed absent a stay of proceedings. Moreover, Plaintiff's proposed amendments would prejudice Defendants. These factors weigh against granting Plaintiff leave to file a Third Amended Complaint.

**a)      Plaintiff's bases for requesting leave to amend are not new.**

First, the reasons Plaintiff wants to file another amended complaint are not new. These reasons include adding Ms. Rihala as a defendant, adding other food cart owners as plaintiffs, and adding state law claims.

Page 6 - DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO STAY PROCEEDINGS

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

With regard to Ms. Rihala, Plaintiff does not state what the new evidence is that he believes entitles him to add her as a defendant. He generally alleges that Ms. Rihala knew that he did not know something and that she made an inaccurate statement, withheld evidence, cited unsupported caselaw, and "adopted a current narrative" about the LUBA proceedings' effects on Plaintiff's federal law claims. Pltf's. Mot. Stay, ¶ 5. These are allegations and legal conclusions, not facts. None of the underlying *facts* relevant to these allegations—Ms. Rihala's presence at the January 28 City Council meeting and her specific conduct during the LUBA proceedings—is not new information to Plaintiff. The City Council meeting took place on January 28, 2025. The LUBA proceedings commenced in February of 2025 (Pltf's. Second Am. Compl., p. 15) and culminated in a Final Opinion and Order on December 4, 2025. Henderson Decl. ¶ 8, Ex. 3.

Plaintiff's interest in adding other food cart pod owners regarding his lawsuit is not new. Even if Plaintiff has not yet conferred with these persons, the underlying facts related to their involvement date back to before Plaintiff's Second Amended Complaint, in which he asserts that was aware other food cart owners may have been impacted by Defendants' alleged conduct. Pltf's. *See* Second Am. Compl., pp. 18 ("almost all the food cart operators and pod owners protested to the city council"), 42 ("Kirkman decided not to notify any of the known food cart developers of either hearings as required by the state"), 43 ("Plaintiff and multiple Food cart and Food Cart POD owners voiced their frustrations"). Regardless, adding additional plaintiffs defeats Plaintiff's arguments in his Procedural Due Process, Substantive Due Process, and Equal Protection claims that he was treated differently from other food cart owners. *See id.*, pp. 17 (alleging an ordinance that only applied to Plaintiff), 26 (alleging measures intended to "target" Plaintiff), 27 (alleging regulations "uniquely burdened Plaintiff"), 28 (alleging Plaintiff was "intentionally treated differently from others similarly situated").

Plaintiff's interest in pursuing state law claims is also not new, but regardless, he has already represented to Defendants and the Court that he will not pursue any state law claims in this proceeding. Henderson Decl. ¶ 3, Ex. 1 at 7:10-18. Plaintiff is not seeking abatement based on health issues related to either stroke, but appears to argue that his most recent "potential"

Page 7 - DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO STAY PROCEEDINGS

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

stroke impacted his memory about his litigation strategy regarding potential state law claims. Pltf's. Mot. Stay, ¶ 2(d). It is not clear what that strategy is; Plaintiff argues both that he wants to bring state law claims and that his recent stroke caused him to remember that his prior strategy was *not* to bring state law claims until *after* the culmination of the instant federal litigation. Nevertheless, before his April 30, 2026 stroke Plaintiff told the Court that he was healthy enough to proceed with litigation and did not intend to bring state law claims in this case. Henderson Decl. ¶ 3, Ex. 1 at 3:17-23, 7:10-18. He had ample time to add these claims before his initial stroke, and closed the door to do so based on his own statements during the June 23, 2026 Status Conference.

Since Plaintiff has known about the underlying facts related to his proposed potential amendments, the Court would like deny a request to file a Third Amended Complaint.

### b)   Plaintiff's proposed amendments would prejudice Defendants.

Second, Defendants would be prejudiced by an amended complaint that adds multiple new plaintiffs, a new defendant, and new state law claims.

Plaintiff does not decide whether to add additional plaintiffs to his lawsuit or file on their behalf. If other food cart owners have claims, they can bring them. Any time spent on this investigation would be needlessly time-consuming. This prejudices Defendants' interest in promptly resolving this litigation. *See* discussion *infra*, Section 3(B) (regarding the public's interest in expedient case resolution).

The other proposed additions to this case would be costly to the City, which has already spent considerable time on its evaluation and workup of the case with the current claims, defendants, and plaintiff. Plaintiff notes in his Motion that he has suffered financial loss and time "since this journey began." Pltf's. Mot. Stay, ¶ 2(d). Defendants have similarly suffered financial loss and time defending Mr. Le's lawsuit. Amending his operative complaint to this degree when Plaintiff already knew about the underlying facts to his proposed amendments regarding Ms. Rihala and food cart owners and already represented that he did not intend to pursue state law claims is prejudicially wasteful of the Defendants' time and resources.

Page 8 - DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Hodgkinson Street Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

For these reasons, Plaintiff cannot show that he would be likely to succeed on the merits of a motion to file a Third Amended Complaint. This factor, therefore, weighs against ordering a stay of proceedings on the grounds of Plaintiff's desire to file an amended complaint.

### 2.    Plaintiff will not be irreparably injured absent a stay.

To the extent any of his claims survive Defendants' Motion to Dismiss, Plaintiff cannot show that he would be irreparably injured absent a 30-day stay of proceedings. He does not argue any harm absent a stay other than not having sufficient time to investigate potential bases for an amended complaint. Plaintiff therefore cannot show that he would not be able to successfully litigate his claims against Defendants is not dependent on staying proceedings to file an amended complaint.

### 3.    Issuing a 30-day stay of proceedings will substantially injure Defendants where public interest favors prompt resolution of Plaintiff's claims.

Even if the Court determines that Plaintiff is likely to succeed on a motion to amend and that he would be irreparably injured absent a 30-day stay of proceedings, the Court should nevertheless deny Plaintiff's Motion to Stay because public interest favors prompt resolution of this litigation. *See Immigrant Defs. L. Ctr.*, 145 F4th at 983 (setting forth factors the Court considers, including substantial injury to the other parties and public interest).

The Third and Fourth factors of the Court's inquiry, including assessing the harm to the opposing party and weighing the public interest, merge when the Government is the opposing party. *Nken v. Holder*, 556 US 418, 427, 129 S Ct 1749, 173 L Ed 2d 550 (2009). Prompt resolution of claims is in the public's economic and political interests. The public has a financial interest in the prompt disposition of litigation against its government because the City's resources are diverted during litigation, which could impact other services it provides. In addition, protracted litigation, especially under these facts related to whether to add parties and claims, creates fiscal uncertainty for local government. This posture prejudices Defendants' ability to make accurate fiscal and resource projections because of the potential for increased

Page 9 - DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO STAY PROCEEDINGS

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

exposure, and prejudice to the opposing party is a significant consideration in both a motion to stay proceedings and a motion to amend. *Nken*, 556 US at 433-34; *Eminence Cap., LLC,* 316 F 3d at 1052.

This litigation has already been pending for almost a year without a resolution on Defendants' responsive pleading(s). Further delay in this case is contrary to the public's interest. For this reason, the Court should deny Plaintiff's Motion to Stay Proceedings.

## IV.    CONCLUSION

For the foregoing reasons, Defendants oppose Plaintiff's Motion to Stay Proceedings.

DATED: August 12, 2026.

HODGKINSON STREET MEPHAM, LLC

*Hannah Street*

By: _____
Ramon Henderson, OSB No. 183579
rh@hs-legal.com
Hannah Street, OSB No. 234784
hms@hs-legal.com
*Of Attorneys for Defendants*

Page 10 - DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Hodgkinson Street Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2026, I served the foregoing

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS AND ASSOCIATED

RULE 12(d) DETERMINATION on the following party:

Ky Le
13430 SW Cougar Court
Beaverton, OR 97008
ky_le4342@yahoo.com
*Plaintiff Pro Se*


☑     by **electronic** means through the Court's Case Management/Electronic Case File
      system on the date set forth above;

☑     by **emailing** a copy thereof to each attorney at each attorney's last-known email
      address on the date set forth above;

☑     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid
      envelope, addressed to plaintiff's last-known address listed above and depositing it in
      the U.S. mail at Portland, Oregon on the date set forth above.

HODGKINSON STREET MEPHAM, LLC


By:  */s/ Hannah Street*
     Ramon Henderson, OSB No. 183579
     rh@hs-legal.com
     Hanna Street, OSB No. 234784
     hms@hs-legal.com
     *Of Attorneys for Defendants*


Page 1 – CERTIFICATE OF SERVICE

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)